UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| JOHN P. DAVIS JR. | CIVIL ACTION NO.08-1638 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| MEAGHER OIL AND GAS PROPERTIES, INC. | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM RULING

Before this Court is a Motion for Partial Summary Judgment [Record Document 27], filed on behalf of the Plaintiff, John P. Davis, Jr. Plaintiff seeks an order declaring the "Memorandum of Oil, Gas and Mineral Lease" null and void for lack of consideration and lack of mutuality. Id. Defendant Meagher Oil and Gas Properties, Inc. opposes this motion. [Record Documents 40, 60].

## FACTUAL BACKGROUND

This action arises out of a mineral lease purportedly entered into by the Plaintiff, John P. Davis, Jr. ("Davis"), and the Defendant, Meagher Oil and Gas Properties, Inc. ("Meagher") on March 31, 2008 (the "Mineral Lease"). The Mineral Lease states that the Lessor, "in consideration of One Hundred and No/100 Dollars ($100.00) and other valuable considerations, of the royalties provided herein, and of the agreement of Lessee herein contained, hereby grants, leases and lets exclusively unto Lessee" certain rights and privileges to the described land in Red River Parish, Louisiana, which comprises approximately 543.81 acres, for the purposes of exploring for and producing oil, gas, and all other minerals. See Record Document 27, Ex. 3 ("Mineral Lease"). The Mineral Lease provides for a "primary term" of three (3) years and requires the Lessee to pay one-fourth

(1/4) royalties to the Lessor. On that same date, a draft in the amount of $1,495,477.50, payable by Meagher through the collecting bank Wells Fargo & Co., was issued in the name of Davis as "Full consideration for Oil & Gas Lease. . . ." [Record Document 27, Ex. 1 and 1A]. At some point, a second draft was issued providing for a 30-day payment period instead of the 15-day payment period contained in the first draft. Id.

Thereafter, on April 10, 2008, Meagher caused to be filed in the Conveyance Records of Red River Parish, Louisiana, a "Memorandum of Oil, Gas and Mineral Lease" to "apprise and give notice to all parties of the existence of said [Mineral Lease]." [Record Document 27, Ex. 2]. The "Memorandum of Oil, Gas and Mineral Lease" (hereinafter "Memorandum") contains the signatures of "John Peter Davis, Jr.," "Ken Pugh," and "Josh Bibb." Id.

On October 31, 2008, Davis filed suit against Meagher alleging he first learned of the Memorandum on October 1, 2008, that he did not sign the Memorandum, that he has never executed an oil, gas and mineral lease in favor of Meagher, that Meagher has never paid any consideration for an oil, gas and mineral lease, and that the recitations contained in the Memorandum are false. See Record Documents 1 and 19, ¶¶ 3-5. Davis contends the Memorandum is a cloud on his title and has filed a motion for partial summary judgment requesting the Court enter an order declaring the Memorandum "null and void and of no effect." [Record Document 27]. Davis's motion is grounded in a claim that the purported Mineral Lease is void for lack of consideration and lack of mutuality. Meagher, in opposition the motion for partial summary judgment, asserts Davis ignores the legal principles that are well-established under Louisiana statutes and jurisprudence and requests the motion be denied. See Record Document 40.

**SUMMARY JUDGMENT STANDARD**

Summary judgment is proper pursuant to Rule 56 of the Federal Rules of Civil Procedure "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). Rule 56(c) "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Id., 477 U.S. at 322, 106 S. Ct. at 2552. If the party moving for summary judgment fails to satisfy its initial burden of demonstrating the absence of a genuine issue of material fact, the motion must be denied, regardless of the nonmovant's response. Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). If the motion is properly made, however, Rule 56(c) requires the nonmovant to go "beyond the pleadings and designate specific facts in the record showing that there is a genuine issue for trial." Wallace v. Texas Tech. Univ., 80 F.3d 1042, 1047 (5th Cir. 1996) (citations omitted). While the nonmovant's burden may not be satisfied by conclusory allegations, unsubstantiated assertions, metaphysical doubt as to the facts, or a scintilla of evidence, Little, 37 F.3d at 1075, Wallace, 80 F.3d at 1047, all factual controversies must be resolved in favor of the nonmovant. Cooper Tire & Rubber Co. v. Farese, 423 F.3d 446, 456 (5th Cir. 2005).

**LAW AND ANALYSIS**

Davis asserts the Mineral Lease is void for lack of consideration because Meagher never paid for the underlying mineral lease. Davis claims the two drafts issued in Davis's

Page 3

name are merely illusory, unenforceable promises to pay and do not suffice as "good and valuable consideration" on which the Mineral Lease can be enforced. [Record Document 27]. Meagher does not dispute the fact that the approximately $1.5 million dollar lease bonus was not actually paid to Davis, but claims the giving of the draft(s) to Davis suspended its obligation to pay the lease bonus. To date, Davis has failed to present either draft for collection and payment, [Record Document 27, SOMF ¶ 12]; therefore, Meagher contends Davis is barred from asserting that the Mineral Lease is void for nonpayment. See Record Document 40, p.6-8; Record Document 60, p.3-4.

"A mineral lease is a contract by which the lessee is granted the right to explore for and produce minerals." L.A. R.S. § 31:114. Under Louisiana law, mineral leases are construed as leases generally and, wherever pertinent, codal provisions applicable to ordinary leases are applied to mineral leases. Musser Davis Land Co. v. Union Pac. Resources, 201 F.3d 561, 565 (5th Cir. 2000); Frey v. Amoco Production Co., 603 So.2d 166, 171 (La. 1992); St. Romain v. Midas Expl., Inc., 430 So.2d 1354, 1356 (La.App. 3d Cir. 1983); see also, La. R.S. § 31:2.

Article 2669 of the Louisiana Civil Code defines a "lease" as "a synallagmatic contract, to which consent alone is sufficient, and by which one party gives to the other the enjoyment of a thing, or his labor, at a fixed price." La. C.C. art. 2669. Thus, there are three elements that are necessary to a contract of lease: the thing, the price, and the consent. Acadiana Bank v. Foreman, 352 So.2d 674, 678 (La. 1977) (citing La. C.C. art. 2670); Leme v. Amidon, 542 So.2d 563, 566 (La.App. 1 Cir. 1989); St. Romain, 430 So.2d at 1356. The price must be fixed in an amount "certain or determinable," and "must not be out of all proportion with the value of the thing." La. C.C. art. 2464; see also, Armour v.

Shongaloo Lodge No. 352, Free & Accepted Masons, 330 So.2d 341, 344 (La.App. 2 Cir. 1976) ("The civil law doctrine embodied in Article 2464 applies to all other contracts as well as to sales."), rev'd on other grounds, 342 So.2d 600 (La. 1977). The Court is not aware of any Louisiana statute or jurisprudence, however, that requires *actual* payment for a lease to be valid and enforceable. Rather, once the parties consent to the thing and the price, a valid, binding contract of lease exists regardless of whether any money or other consideration has actually exchanged hands. The lease forms the law between the parties and, in the event a dispute arises, its terms shall be enforced by the courts. Sid-Mar's Restaurant & Lounge, Inc. v. Gardner, 844 So.2d 178, 182 (La.App. 5 Cir. 2003) (citing Pendleton v. Shell Oil Co., 408 So.2d 1341 (La. 1982)).

Moreover, the Court notes that the Mineral Lease itself contains no provisions concerning a payment or "bonus" to Davis in the amount of $1,495,477.50. See Record Document 27, Ex. 3 ("Mineral Lease"). Rather, as discussed above, the Mineral Lease simply states that the Lessor is granted certain rights and privileges to the described land in Red River Parish "in consideration" of $100.00 and other valuable consideration, to-wit, royalties to be paid by Meagher in the following amounts:

> (a) on oil, and other hydrocarbons which are produced at the well in liquid form by ordinary production methods, 1/4 of that produced and saved from said land...; (b) on gas, including casinghead gas, or other gaseous substance produced from said land and sold or used off the promises or for the extraction of gasoline or other products therefrom, the market value at the well of 1/4 of the amount realized from such sale...; (c) on all other minerals mined and marketed, 1/4, either in kind or value at the well or mine...

Id. at ¶ 4.[1]

Davis also alleges the draft(s) and Mineral Lease fail for lack of mutuality based on the pre-printed language on the draft(s), which provides:

> On approval of lease or mineral deed described hereon and on approval of the title to same by drawee not later than 30 banking days after arrival at collecting bank.
>
> * * *
>
> The drawer, payee, and endorsers hereof, and the grantors of the lease or mineral deed described hereon, do hereby constitute and appoint the collecting bank escrow agent to hold this draft for the time above specified subject alone to acceptance of payment hereof by drawee, within said time, and without any right of the drawer, payee or endorsers hereof, or said granters, to reach or demand return of this draft prior to the expiration of the above specified time, and there shall be no liability whatsoever on the collecting bank for refusal to return the same prior to such expiration.

[Record Document 27, Ex. 1A].

Davis argues the "no liability" language provides Meagher an "escape hatch" from any purported promise to ever pay good and valuable consideration for the mineral lease. [Record Document 27, p.16]. But contrary to Davis's argument, Louisiana courts have held precisely the opposite. In St. Romain, a draft was presented to the lessor containing nearly identical typewritten language on the face of the draft. Id., 430 So.2d at 1355. The court

---

[1] It appears Meagher has not paid any royalties to Davis at this time, but this fact does not invalidate the Mineral Lease for lack of consideration. A "royalty" is considered the compensation or consideration a lessee pays to the lessor to secure the privilege of exercising the right to explore and develop the property for the production of oil and gas. Frey, 603 So.2d at 173. The nature of a "royalty" allows the lessee to avoid paying the lessor up front for the privilege of exploration, and to defer payment of "consideration" upon an *eventual* yield accruing from the lessee's production efforts. Id. (emphasis supplied).

refused to allow the lessor to avoid the lease on the basis of draft language that was "general in its statement" and imported no specificity. Id., 430 So.2d at 1358.

Davis attempts to distinguish St. Romain on the grounds that (1) the lessor in that case presented the draft for payment, and (2) it was the lessor and not the party whose forms were used who sought to enforce the contracts. [Record Document 27, p.20-21]. Again, Davis's arguments fail. First, to this Court's knowledge, neither the court in St. Romain or any other Louisiana court have required "presentment" of a draft to establish a valid lease agreement. Second, the Court agrees with Meagher that it is simply illogical to hold that a draft containing "no liability" language can be enforced by the lessor if he so desires, but that the same draft could not be enforced by the lessee because the "no liability" language renders the draft illusory. Davis simply cannot have it both ways.

## CONCLUSION

For the reasons discussed herein, the Court finds that the Mineral Lease at issue is neither void for lack of consideration nor for lack of mutuality.[2] Accordingly, Davis's Motion for Partial Summary Judgment [Record Document 27] shall be **DENIED.**

An order consistent with this Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED** in Shreveport, Louisiana, this 4th day of March, 2010.

S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE

---

[2]The parties devote much of their arguments to the concept of "conditional payment" and whether the giving of the draft(s) suspended Meagher's obligation to pay the lease bonus until it is presented by Davis. Nevertheless, having determined that "payment" is not an essential element to the formation of a valid mineral lease, the Court finds these arguments to be irrelevant at this stage of the proceedings.